**Glynnell PRESLEY, Appellant,**

v.

**CITY OF MONTICELLO, Appellee.**

**No. 24871.**

United States Court of Appeals Fifth Circuit.

May 28, 1968.

Melvyn Zarr, New York City, Jack Greenberg, New York City, Reuben V. Anderson, Jackson, Miss., New York City, Horace E. Hill, Daytona Beach, Fla., for appellant.

T. Buckingham Bird, City Atty., Monticello, Fla., for appellee.

Before THORNBERRY, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

This appeal is from an order of the district court rejecting appellant's removal petition under 28 U.S.C. § 1443(1) and remanding the case to the state court.

The district court held a hearing that produced the following facts. The incident complained of took place after appellant bought gasoline at a service station in Monticello, Florida. Appellant claims that after he observed a white man leave a restroom he attempted to use but was denied use of the same facility. He then told the attendant that if he could not use the facility he would not pay for the gasoline. The young attendant then called the manager who came to the station and confronted Presley. Presley testified he told the owner that if he could not use the restroom he would not pay for the gas. Some words were exchanged and then, according to Presley, the owner lurched forward and grabbed him by the collar. When this happened, appellant pushed him off and pinned him. At this point, three officers arrived and arrested him for disorderly conduct.

The officers, however, gave a different account of the incident. Officer Malloy testified that they had been parked across the street but that their view of the station was blocked by some parked cars. According to Malloy a young boy ran over to them and said a fight was going on at the station. When the officers arrived, Malloy said he took Presley aside and asked him what was going on. Presley told him that the restroom he was forced to use was dirty. Because Malloy smelled alcohol on Presley's breath and because he was shouting at the manager, he arrested him for disorderly conduct. Another officer supported Malloy's story that Presley said he did not pay because the restroom was dirty and that he was arrested because he was loud and had been drinking. One of Presley's own witnesses stated that he had heard Presley complain to the attendant and manager only that the restroom was dirty. The judge concluded from this testimony that there was probable cause to arrest Presley for disorderly conduct.

 Although we agree that a service station is a place of public accommodation as defined by Section 201 of the Civil Rights Act of 1964, 42 U.S.C. § 2000 a, we believe the district court was not clearly erroneous in holding that probable cause existed for arresting Presley for disorderly conduct. Therefore, it cannot be said that the conduct causing the arrest was protected by Section 201 of the Civil Rights Act of 1964. This being so, appellant has not, as is required to make a case removable, shown that he is being prosecuted for exercising or attempting to exercise any right or privilege secured by the Civil Rights Act of 1964. See State of Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925; Achtenberg v. State of Mississippi, 5th Cir. 1968, 393 F.2d 468. The order of the district court is affirmed.